**39 So.2d 10**

### MOUNT v. MOUNT.
#### 7 Div. 980.

Supreme Court of Alabama.

Feb. 24, 1949.

Roy D. McCord, of Gadsden, for appellant.

Joe F. Duke, of Gadsden, for appellee.

BROWN, Justice.

Appellee was granted a divorce from her husband on the 17th day of May, 1946, on the statutory ground of adultery. By agreement of the parties she was allowed $50.00 per month for the support of the three minor children of the marriage rang-

ing in age from one to ten years and the custody of the children, by said agreement, was given to the wife.

On subsequent petitions the final decree as to such custody and allowance was modified and finally the allowance was suspended because the wife had taken the children with her on a visit to her second husband, a sailor, who was then stationed in Florida, with condition that such suspension should stand "until the complainant returns the children involved in this litigation back to Etowah County and files petition for said alimony."

On August 9th, 1948, after her return with the children, she filed her petition for a reinstatement of said allowance duly verified by affidavit, to which the defendant filed a sworn answer, denying the allegations of the petition and alleging the fact of her subsequent marriage and an allowance by her sailor husband for her support, setting up his own marriage and for custody of said children. The court took submission on the sworn pleadings and on the 23rd of August, 1948, rendered a decree reinstating the allowance as made in the final decree.

The appellant in brief asserts that the decree was rendered without taking additional testimony in support of the petition. Appellee asserts on the other hand that testimony was taken but neither of the parties requested the taking and transcription thereof by the court reporter.

It appears on the face of the record that on several occasions the trial court had dealt with the matter of the custody and allowance and no doubt was fully advised as to the situation of the parties. Be that as it may, however, it does not appear that the parties were denied the right to introduce evidence and they had the right to rest their case on the sworn petition and answer.

We are of opinion that appellant's assignments of error are without merit.

Affirmed.

LIVINGSTON, SIMPSON and STAKELY, JJ., concur.